IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  11-cr-40083-JPG |
| | ) | |
| PENELOPE J. REED, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Penelope J. Reed's Second Motion for Release of Brady Materials (Doc. 54).  Specifically, Reed seeks full disclosure of the Presentence Investigation Reports (hereinafter "PSR") of all government witnesses expected to testify at Reed's trial.

"Generally, presentence reports are helpful in effectively cross-examining witnesses because these reports may contain impeachment information."  *United States v. Canino*, 949 F.2d 928, 942 (7th Cir. 1991).  On the other hand, the "[c]onfidentiality of presentence reports is vitally important to the efficacy of the sentencing process."  *United States v. Anderson*, 724 F.2d 596, 598-99 (7th Cir. 1984).  In order to balance these competing interests, the Seventh Circuit authorizes *in camera* review of presentence reports to determine whether they contain relevant impeachment information.  *United States v. Mitchell*, 178 F.3d 904, 907-09 (7th Cir. 1999).  In fact, the proper procedure in obtaining the content of presentence reports is to first request their *in camera* inspection.  *Id*.

Here, Reed requests the following materials contained within the witnesses' PSRs :

    a. the witness' version of the offense;
    b. the witness' complete criminal history;

>   c. the witness' plea agreement with the Government;
>   d. the witness' conduct while on bond, including information concerning any violations of the conditions of the bond;
>   e. the witness' history of any psychiatric treatment or treatment for alcohol/drug abuse or addiction; and
>   f. the witness' cooperation with the government, and all benefits received by the witness from the Government in exchange for his/her cooperation.

(Doc. 54). With respect to items b and c, Reed's motion is granted.

Reed, however, is not entitled to go on a fishing expedition through confidential reports looking for impeachment material. Moreover, the Court is not required to go fishing through the reports on Reed's behalf. A defendant "is not entitled to have his request granted absent some indication that the report contains impeachment material *of the kind requested.*" *Id*. at 909 (emphasis added). Reed's request is far too vague. This Court will *not* engage in a search of several presentence reports looking for any and all impeachment information that might prove useful to Reed. Furthermore, the Court is confident that the Government is well aware of its responsibilities under *Brady* and that the Government's open file policy allows Reed access to more discovery than is required under *Brady*. Accordingly, Reed's request for the materials listed in a, d, e, and f is denied.

Reed's motion for production of witnesses' sealed presentence reports (Doc. 54) is **GRANTED in part** and **DENIED in part.** Specifically, the Court directs the Government to provide Reed with copies of the witnesses' complete criminal history and plea agreements with the Government.

    **IT IS SO ORDERED.**

    **DATED:   July 3, 2012**

                                            *s/J. Phil Gilbert*
                                          **United States District Judge**